AO 91 (Rev. 12/93) Criminal Complaint

## In United States District Court
### For the District of Delaware

UNITED STATES OF AMERICA

v.

ANTOINE L. PATRICK,
Defendant

Criminal Complaint

CASE NUMBER: 07- 35 M-MPT


REDACTED

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about February 26, 2007 in the District of Delaware, Defendant Antione L. Patrick did knowingly:

1) possess in and affecting interstate commerce, ammunition, after having been convicted on or about July 1, 2003, of a crime punishable by imprisonment for a term exceeding one year,
in violation of Title 18 United States Code, Section(s) 922(g)(1) and 924(a)(2);

2) possess with intent to distribute cocaine base,
in violation of Title 21 United States Code, Section(s) 841(a)(1) and (b)(1)(C);

I further state that I am a Special Agent, Bureau of Alcohol Tobacco Firearms and Explosives and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

FILED
FEB 27 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

_____ - Special Agent ATF
Scott C. Curley
Special Agent, ATF

Sworn to before me and subscribed in my presence,

February 27, 2007          at        Wilmington, DE
Date                                 City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT OF PROBABLE CAUSE IN SUPPORT OF CRIMINAL COMPLAINT AGAINST ANTIONE L. PATRICK

1. Your affiant is ATF Special Agent Scott C. Curley. Your affiant has been a law enforcement officer for over 5 years with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, (ATF). During that time, my duties have included the investigation of federal and state firearms and narcotics offenses. Your Affiant has previously been a police officer and later police detective with the Pittsburgh Pennsylvania Bureau of Police from February 1992 to September 2001. During that time I was detailed as a Federally Deputized Task Force Officer to the Drug Enforcement Administration, (DEA) United States Department of Justice, from June 1997 to June 1999. As a DEA Task Force Officer, I have received specialized training in drug law enforcement; to include the trafficking of controlled substances. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms and narcotics offenses on numerous occasions. During the course of your affiant's law enforcement career, your affiant has participated in the seizure of over seven hundred firearms and has conducted numerous investigations of firearms and narcotics offenses, as well as numerous conversations about the facts and circumstances of firearms and narcotics offenses with the investigating officers of those firearms and narcotics offenses.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on February 26, 2007, in the City of Wilmington, State and District of Delaware, as stated to your affiant by Wilmington Police Detectives with personal knowledge of the seizure of the below items.

4. Your affiant reviewed the computer criminal history information for the Defendant, ANTIONE L. PATRICK from the Delaware Justice Information System (DELJIS) and learned that the defendant has a prior felony conviction on July 1, 2003 for Distribution, Delivery and/or Possession of Controlled Substances 300 feet of a Park, in the Superior Court of the State of Delaware, and is a crime punishable by imprisonment for a term exceeding one year.

5. Based upon information stated to me by a Wilmington, Delaware Police Detective who has personal knowledge of the below facts your affiant learned the following.

   a. On February 26, 2007 Wilmington Police Detectives received information that ANTIONE L. PATRICK who resided at ███████████, Wilmington, Delaware ███ was distributing illegal narcotics. Based upon this information, Detectives established surveillance of the address and eventually of ANTIONE L. PATRICK.

   b. Detectives followed PATRICK to the 300 block of West 23rd Street in the City of

Wilmington, DE, where they observed him commit a motor vehicle violation. Based upon this violation, Wilmington Police officers conducted at traffic stop. During this stop, officers observed what appeared to be a small amount of cocaine base contained within the driver side door arm rest.

c. Wilmington police officers placed PATRICK under arrest for the small amount of drugs and then applied for a Delaware state issued search warrant from Justice of the Peace Court 20.

d. On February 26, 2007, Wilmington Police Detectives executed the Delaware State issued search warrant on ███████████, Wilmington, Delaware ███.

e. Pursuant to that search warrant, Wilmington Police Detectives recovered from PATRICK'S coat in his middle bedroom two baggies of suspected cocaine base the first weighing approximately 25.7 gross grams (gg) and the second weighing approximately 6.5gg of cocaine base, two rounds of PMC .357 ammunition along with a ███ check in the name of Antoine L. Patrick and an Insurance policy card for Antoine L. Patrick. The substances field tested positive for illegal drugs.

f. Wilmington Police recovered an additional 4.1gg of suspected crack cocaine and an additional 15 gg of marijuana from the kitchen.

g. In a post Miranda statement, PATRICK made a taped confession to the illegal narcotics in the middle bedroom and in the kitchen.

h. Wilmington Police recovered an additional 29.4gg of suspected cocaine base and 8.8 gg of marijuana from the back bed room belonging to another resident, who was arrested by Wilmington Police on state drug charges.

i. Detectives field tested all the suspected drugs, meeting with positive results for the respective illegal drugs. Wilmington Police Detectives also recovered paraphernalia for the distribution of illegal drugs from the kitchen, namely two digital scales, razor blades and sandwich baggies.



j. Your affiant believes based upon the lack of paraphernalia commonly used for the introduction of controlled substances into the body, the quantity and packaging of the illegal drugs, and the packaging and distribution equipment located in the kitchen, and his training and prior experience that PATRICK was distributing the controlled substances.

6. I am an ATF Agent who has been expertly trained and experienced in determining the interstate nexus of firearms and ammunition, and have been admitted as such in the United States District Court in and for the District of Delaware. Your affiant personally viewed the ammunition knows that the .357 caliber ammunition, marked PMC was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the ammunition had crossed state lines prior to its possession in Delaware and such that the possession of that ammunition in

Delaware affected interstate commerce. Furthermore the recovered ammunition is ammunition as defined in Title 18, United States Code (USC), Chapter 44, Section 921(a)(17)(A).

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate commerce ammunition, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and 21 USC 841(a)(1)and(b)(1)(C) relating to possession with intent to distribute controlled substances, namely cocaine base and respectfully requests that the Court issue a Criminal Complaint charging that offense.

Scott C. Curley
Special Agent, ATF

Sworn to and subscribed in my presence
this 27 day of February, 2007

Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware